An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| IN THE MATTER OF THE PARENTAL RIGHTS AS TO: K.X.W. | No. 58319 |

SHAUN A.W.,
Appellant,
vs.
JORA D.B.,
Respondent.

**FILED**

APR 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order terminating appellant's parental rights. Tenth Judicial District Court, Churchill County; David A. Huff, Judge.

Respondent filed the underlying petition to terminate appellant's parental rights as to the parties' minor child. Appellant, who is incarcerated in a Pennsylvania prison for armed robbery, was served with a notice of the hearing, and he requested an extension of time to set up a video conference hearing through the prison. The district court continued the hearing and gave appellant 30 days to file a written response to the petition. The court specifically advised appellant that he could attach any documentary evidence, as well as, an affidavit to his written response if he wished to advance facts and testimony on behalf of himself or third parties in support of his arguments. The order also advised appellant of the date of the continued hearing. More than 30 days later, appellant did not file a response but instead filed a motion for an extension of time claiming that the available legal materials at the prison were inadequate to pursue his legal claims. Appellant did not dispute any factual matters contained in the petition or assert any facts of his own.

SUPREME COURT
OF
NEVADA

(O) 1947A

13-10844

The district court declined to continue the matter a second time, and after the hearing, entered an order terminating appellant's parental rights. The court found that appellant had been given sufficient opportunity to present evidence and argument in response to the petition, but failed to do so. The district court further found that appellant had abandoned the child and was an unfit parent, and that the child's best interest would be served by termination. This appeal followed.

In his civil proper person appeal statement, appellant contends that he did not have an opportunity to file a response to respondent's pre-hearing memorandum, which was filed one day before the evidentiary hearing, and that the district court erred in rendering a decision without appellant's presence at the hearing. Appellant also contends that he did not purposefully abandon the child because respondent did not advise him of her whereabouts and his attempts to contact respondent's parents were rejected.

In terminating parental rights, the district court must find by clear and convincing evidence that termination is in the child's best interest and that at least one factor of parental fault exists. NRS 128.105; Matter of Parental Rights as to N.J., 116 Nev. 790, 800, 8 P.3d 126, 132 (2000). Evidence of parental fault may include neglect, abandonment, and parental unfitness. NRS 128.105(2)(a)-(c); Matter of Parental Rights as to D.R.H., 120 Nev. 422, 428-30, 92 P.3d 1230, 1234-35 (2004). Additionally, parental unfitness may be shown by a parent's felony criminal conviction "if the facts of the crime are of such a nature as to indicate the unfitness of the parent to provide adequate care and control to the extent necessary for the child's physical, mental or emotional health and development." NRS 128.106(6); see also Matter of Parental Rights as to K.D.L., 118 Nev. 737,

746, 58 P.3d 181, 187 (2002). The purpose of terminating parental rights is not to punish parents, but to protect the welfare of children. Matter of N.J., 116 Nev. at 801, 8 P.3d at 133. This court will uphold the district court's termination order if it is supported by substantial evidence. Matter of D.R.H., 120 Nev. at 428, 92 P.3d at 1234.

As an initial matter, we conclude that appellant had an adequate opportunity to respond to the petition. The district court allowed appellant 30 days to file a response to the petition and specifically instructed appellant on how to present documentary and written testimonial evidence, but appellant failed to file a response setting forth any opposing arguments or evidence. Additionally, due process does not require the physical presence of a parent at the termination hearing when that parent is incarcerated in another state. See In re Interest of L.V., 482 N.W.2d 250, 258 (Neb. 1992). Moreover, it is questionable whether appellant had a protected liberty interest, for purposes of procedural due process, given his lack of involvement in the child's life. See Lehr v. Robertson, 463 U.S. 248, 261-62 (1983) (recognizing that the mere biological connection of the nature father does not establish a protected liberty interest when the father has not grasped the opportunity to participate in the rearing of his child).

We further conclude that substantial evidence supports the district court's order terminating appellant's parental rights. The district court specifically found that appellant made no efforts to contact the child, evincing an intention to abandon the child. See NRS 128.012. While respondent did not advise appellant of her whereabouts because of concerns for her safety, respondent provided evidence that appellant knew of her parents contact information but made virtually no efforts to inquire

about his child or provide for her support. Additionally, the court found that appellant, who was incarcerated for armed robbery, was an unfit parent because he had not provided in any way for the child's physical, mental, and emotional health, and well-being.

The district court further found that the child's best interest would be served by termination. Respondent asserted without opposition that the child has no knowledge of or relationship with appellant, that respondent is now married, and that respondent's husband wishes to adopt the child. Substantial evidence supports the district court's findings of parental fault and that termination of appellant's parental rights was in the child's best interest. See Matter of N.J., 116 Nev. at 800, 8 P.3d at 132; Matter of D.R.H., 120 Nev. at 428-30, 92 P.3d at 1234-35. Under these circumstances, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

---

[1]In light of our order, we deny as moot appellant's proper person motions for a stay.

cc: Tenth Judicial District Court Dept. 1
Shaun A.W.
The Law Office of Jacob N. Sommer
Churchill County Clerk